UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

JAMES ANTHONY LAROCK,

    **Plaintiff,**

v.                                          Case No. 22-CV-583

WELLPATH, EMILY BLOZINSKI,
BROWN COUNTY SHERIFF'S OFFICE,
HEIDI MICHAELS, REDI TRANSPORT,
LT. TIMRECK, D. JENSEN, B. LAURENT,
and JOHN DOE,

    **Defendants.**

───────────────────────────────────────────────

## SCREENING ORDER

───────────────────────────────────────────────

Plaintiff James Anthony LaRock, who is confined at the Brown County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF. No. 1.) On September 8, 2022, the court screened LaRock's complaint and found that it failed to state a claim upon which relief could be granted. (ECF No. 9.) However, the court gave LaRock an opportunity to amend his complaint. LaRock filed an amended complaint on September 26, 2022. (ECF No. 10.) This order screens his amended complaint.

Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly referred to a U.S. District Court Judge for the

limited purpose of screening the amended complaint. This case will be returned to Magistrate Judge Stephen C. Dries for further proceedings after entry of this order.

## SCREENING OF THE AMENDED COMPLAINT

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United

States and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*LaRock's Allegations*

LaRock alleges that while he was a pretrial detainee at Brown County Jail, defendant Emily Blozinski, an administrator for the Health Services Unit (HSU), failed to arrange wheelchair accessible transport for medical visits. (ECF No. 10 at 2.) LaRock's left leg and right heel are amputated. (*Id.*) Blozinski determined that LaRock could ride in a car rather than a wheelchair accessible van. (*Id.*) As a result of having to get in and out of the car, he wounded his heel and experienced intense pain. (*Id.*)

LaRock filed grievances about the situation. He alleges that defendant D. Jensen did not appropriately investigate his complaints and focused on minor issues instead of the main complaint. (ECF No. 10 at 4.) Defendant B. Laurent also failed to facilitate the investigation of his grievances. (*Id.*) Additionally defendant Heidi Michaels, who is the administrator of Brown County Jail, reviewed LaRock's grievances and met with HSU staff and staff from Redi Transport, the transportation company Brown County Jail uses, including defendant John Doe. (*Id.* at 5.) John Doe is a Redi Transport employee who drove LaRock in the car and knew it caused him

pain. (*Id.*) LaRock asserts that Michaels failed to appropriately address his needs in resolving his grievances. LaRock appealed several of the decisions on his grievances, and defendant Lt. S. Timreck did not appropriately investigate the appeals or resolve LaRock's issues. (*Id.*)

*Analysis*

LaRock claims that the defendants violated his constitutional rights by making him use a car instead of a wheelchair accessible van. At the outset, LaRock names two entities as defendants: WellPath, which employs Blozinski, and Redi Transport, which employs John Doe. Section 1983 only allows plaintiffs to sue "persons," and these companies are not persons within the meaning of the statute. While the law permits companies to be sued if the alleged violation was the result of an unconstitutional custom, policy, or practice, LaRock does not allege any such situation here. *See Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658 (1978). WellPath and Redi Transport will therefore be dismissed.

LaRock may proceed on claims against Blozinski and the John Doe driver, however. Because LaRock was a pretrial detainee at the time of the incident, his claim against Blozinski and the unidentified driver arise under the Fourteenth Amendment, which protects a pretrial detainee from objectively unreasonable actions that amount to punishment. *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). To sufficiently state a Fourteenth Amendment claim, a plaintiff needs to allege that the defendants' actions were objectively unreasonable. *Id.* LaRock sufficiently states a Fourteenth Amendment claim by alleging that Blozinski and the Doe driver

4

continued to use a non-wheelchair accessible vehicle even though forcing LaRock to enter and exit this vehicle caused unnecessary pain and exacerbated his injuries. Because there is a Doe defendant, La Rock will need to try to identify the driver by sending discovery requests to the named defendant to identify the real name of the Doe driver. Once the named defendant answers the complaint, the court will issue a scheduling order providing more information about how to identify the Doe defendant.

LaRock may not proceed on claims, however, against the remaining defendants, D. Jensen, B. Laurent, Heidi Michaels, and Lt. Timreck. LaRock's sole allegation against them is that they were responsible for handling his grievances. Prison officials who deny grievances "but who otherwise did not cause or participate in the underlying conduct" cannot be held liable under § 1983. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)). While LaRock alleges that these defendants failed to adequately investigate his concerns, prisoners have no constitutional right to an investigation of their grievances. *See George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007.) LaRock's claims against Jensen, Laurent, Michaels, and Timreck are therefore dismissed.

## CONCLUSION

**IT IS THEREFORE ORDERED** that WellPath, Redi Transport, D. Jensen, B. Laurent, Heidi Michaels, and Lt. Timreck are **DISMISSED**.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the amended complaint (ECF No. 10) and this order upon defendant Emily

Blozinski pursuant to Federal Rule of Civil Procedure 4. LaRock is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give LaRock information on how to remit payment. The court is not involved in collection of the fee.

**IT IS ALSO ORDERED** that defendant Emily Blozinski shall file a responsive pleading to the complaint

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions. After the court enters the scheduling order, LaRock may make discovery requests (written questions or requests for documents) on the named defendant in an effort to identify the real name of John Doe. Once he knows the real name of the Doe defendant, he should file a motion identifying their name. Again, LaRock should not serve any discovery request upon the named defendant until *after* the court enters a scheduling order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution,

6

Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

LaRock is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. LaRock is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. LaRock's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

**IT IS FURTHER ORDERED** that this case is returned to Magistrate Judge Stephen C. Dries. The case is no longer referred to Judge Brett H. Ludwig.

Dated at Milwaukee, Wisconsin on November 10, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge