UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES ANTHONY LAROCK,

    Plaintiff,

v.                                                                       Case No. 22-CV-583

EMILY BLOZINSKI, *et al.*,

    Defendants.

## ORDER

On June 6, 2024, the defendants filed a motion for summary judgment on the merits. (ECF No. 52.) Pursuant to Civil Local Rule 15(b)(2), and a Notice an Order issued by the court on June 7, 2024, *pro se* plaintiff James Anthony LaRock had until July 6, 2024, to respond to the defendants' motion for summary judgment. (ECF No. 57.) The court cautioned LaRock that if he failed to respond to the summary judgment motion, the court would accept all facts asserted by the defendants as true and would likely grant their motion.

On July 25, 2024, the defendants filed a motion requesting the court deem their proposed findings of facts admitted because LaRock failed to respond to their motion for summary judgment. (ECF No. 60.) Because the court has not heard from La Rock, the court will grant the defendants' motion and construe their motion for summary judgment as unopposed. The court has reviewed the defendants' motion, brief in

support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that they are entitled to summary judgment on the merits. Based on the undisputed facts, it is clear that the defendants did not violate LaRock's Fourteenth Amendment rights. Accordingly, the case is dismissed.

**IT IS THEREFORE ORDERED** that the defendants' motion to deem their proposed facts as admitted (ECF No. 60) is **GRANTED**, and the defendants' motion for summary judgment (ECF No. 52) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot

extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 31st day of July, 2024.

STEPHEN DRIES
United States Magistrate Judge